IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NOEL VANLANDINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Act. No. 1:19cv500-ECM |
| | ) | (wo) |
| BILLY HELMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is a motion to dismiss (doc. 4) filed by Defendants Billy Helms, Terry Allums, Brendt Murphy, Dorothy Baker, Rena' Cosby, Harold Robinson Jr., and the City of Abbeville, Alabama on July 15, 2019.

The Plaintiff, Noel Vanlandingham, originally filed a complaint in the Circuit Court of Henry County, Alabama. The case was removed to federal court on the basis of federal question subject-matter jurisdiction. The complaint brings claims for breach of employment rights (count one), violation of the First, Fifth, and Fourteenth Amendments to the United States Constitution (count two), and wanton termination (count three).

In response to the motion to dismiss, Vanlandingham concedes that his claim against Mayor Billy Helms ("Helms") in his official capacity; his federal claims against City Council Defendants Terry Allums, Brendt Murphy, Dorothy Baker, Rena' Cosby, Harold Robinson Jr.; his punitive damages request; his Fifth Amendment claim; his wantonness claim; and his state law retaliation claim are due to be dismissed. (Doc. 14 at 1 n.1). Upon consideration of the motion to dismiss as to the remaining claims, for reasons to be

discussed, the motion to dismiss is due to be GRANTED, but the claims will be dismissed without prejudice with an opportunity to be re-pleaded.

## I. FACTS

The facts as alleged in the complaint are as follows:

At the times material to the complaint, Vanlandingham was the Chief of the City of Abbeville municipal police department. On May 13, 2019, Vanlandingham was called to Helms' office. He was asked about a complaint which had been presented to the City Council. Vanlandingham was told that the complaint had been presented during executive session and so the nature of it could not be disclosed. Vanlandingham alleges, therefore, that he was unable to respond to the complaint.

On May 15, 2019, Helms advised Vanlandingham in a letter that a complaint against him regarding an audio recording was being placed on the agenda of the City Council. On May 20, 2019, Helms and Defendant City Commissioners Terry Allums, Brendt Murphy, Dorothy Baker, Rena' Cosby, and Harold Robinson met in executive session and discussed the complaint about Vanlandingham outside of his presence and the presence of Vanlandingham's legal counsel. The City Council approved a punishment of suspension without pay for ten work days. Vanlandingham's counsel wrote a letter objecting to the manner in which the matter was handled, and Helms scheduled a disciplinary meeting. At the hearing, Helms announced that the hearing was to address Vanlandingham's conduct unbecoming an employee and using a city vehicle while on leave of absence.

Counsel for Vanlandingham objected that the first matter was different from the allegation presented to the City Council and that the second matter was interjected without proper notice in accordance with City policy.

By letter dated May 23, 2019, Helms advised Vanlandingham that he was suspending him for ten days and that Vanlandingham had five days to appeal to the City Council. An appeal hearing was held on June 3, 2019. In response to Vanlandingham's request that the initial complainant be identified, Brendt Murphy said that the Council was the accuser.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U. S. at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U. S. at 555, 570. This pleading standard "does not require 'detailed factual

3

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

### III. DISCUSSION

The Defendants have moved to dismiss Vanlandingham's complaint in its entirety. In response to Vanlandingham's concession as to various claims and remedies, noted above, the Defendants continue to seek dismissal of Vanlandingham's Fourteenth Amendment procedural due process claim, his First Amendment claim, and his state law breach of contract claim. Specifically with regard to the Fourteenth Amendment due process claim, the Defendants argue that the claim is due to be dismissed because Vanlandingham alleges negligent actions, which cannot form the basis of a constitutional claim; that Vanlandingham received adequate process; and that state law provides an adequate post-deprivation remedy even if he did not. As to the First Amendment claim, the Defendants argue that Vanlandingham cannot meet the threshold of demonstrating that he spoke on a matter of public concern and under the *Pickering* balancing test has failed to state a claim. Finally, as to the breach of contract claim, the Defendants argue that Vanlandingham is an at-will employee and so has no breach of contract claim.

In response, Vanlandingham has argued with respect to his due process claim that his complaint fairly encompasses allegations of a higher level of intent than negligence, but that he can allege additional facts if allowed to file an amended complaint. He also contends that the at-will language was modified by later conduct and actions, which he can more fully allege if given an opportunity, and argues that he was not given the proper

4

opportunity to be notified and heard on the matter before or after he was disciplined. Vanlandingham further requests an opportunity to amend his complaint to more fully allege facts that demonstrate that his speech was made as a citizen and implicated a matter of public concern that will also impact the balancing test. Finally, Vanlandingham argues that he has stated a breach of contract claim because Alabama allows for modification of an at-will contract and that if given an opportunity to re-plead, he will more fully allege facts to demonstrate that his employment could only be terminated for cause and that the agreement was breached. In short, while Vanlandingham does not admit that his complaint is deficiently pleaded, he contends that he can plead facts which will satisfy the deficiencies identified by the Defendants if the Court gives him leave to amend his complaint.

In the Eleventh Circuit, "where a more carefully drafted complaint might state a claim," the district court should grant a plaintiff at least one chance to amend its complaint before dismissing the action with prejudice. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). The Defendants oppose Vanlandingham's request to amend, stating that the request is not properly asserted because it is not raised in a motion with the proposed amendment attached and because the amendments Vanlandingham seeks would be futile.

Futility defeats a request to amend a complaint, *see Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019), but the allegations of the complaint in this case lack sufficient specificity for the Court to determine whether amendment is futile in light of the Defendants' arguments. Given Vanlandingham's contention that he can state a claim if he is allowed to re-plead certain claims, and given that amendment should be allowed if more careful drafting might state a claim, the Court finds it appropriate to

5

dismiss without prejudice the claims which Vanlandingham has not conceded and allow him an opportunity to re-plead those claims within the requirements of Rules 8 and 11 of the Federal Rules of Civil Procedure.

## IV.  CONCLUSION

For the reasons discussed, it is ORDERED as follows:

1.  Pursuant to Vanlandingham's concession (doc. 14 at 1, n.1) the motion to dismiss (doc. 3) is GRANTED as to the following claims which are DISMISSED with prejudice:

a. All claims against Billy Helms in his official capacity.  Because Billy Helms is named in the complaint in his official capacity only, Billy Helms is DISMISSED as a party.

b. All federal claims against Terry Allums, Brendt Murphy, Dorothy Baker, Rena' Cosby, and Harold Robinson.

c. All claims for punitive damages.

d. All claims for damages for violation of the Alabama constitution.

e. All claims for wanton, malicious, or willful conduct.

f.  The state law retaliation claim.

2.  The motion to dismiss (doc. 3) is GRANTED as to all other claims, but those claims are dismissed without prejudice.

3.  Vanlandingham is given until **November 15, 2019** to file a new, amended complaint which is complete unto itself and which more specifically states his claim for violation of the First Amendment brought against the City of Abbeville, his claim for violation of the Fourteenth Amendment brought against the City of Abbeville, and the

violation of state contract law against the City of Abbeville and the commissioner defendants in their official capacities.[1]

DONE this 7th day of November, 2019.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Vanlandingham asks the Court to deny the motion to dismiss as to the "state law claim against the Defendant City Councilmembers in their official capacities," but it is unclear to the Court what claim he refers to that is separate from his contract claim. To the extent that he is referring to the claim for equitable relief which is mentioned in his request to amend the complaint (doc. 14 at 1, n.1), he is not foreclosed from including that request in an amended complaint.