IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NOEL VANLANDINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Act. No. 1:19cv500-ECM |
| | ) | [wo] |
| THE CITY OF ABBEVILLE, ALABAMA, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Now pending before the Court is the Defendants' motion to vacate the Uniform Scheduling Order and to stay discovery, filed on July 24, 2020.  (Doc. 52).

The Defendants' motion is premised primarily on the fact that individual Defendants were added to this case by the Plaintiff's second amended complaint, (doc. 44), and that they have invoked the defense of qualified immunity in a motion to dismiss.  (Doc. 48).  The individual Defendants argue that they ought not be required to engage in discovery while their motion to dismiss is pending.  (Doc. 48).  The Defendants further contend that the stay of discovery also should apply to the City of Abbeville because the claims against it are intertwined with the claims against the individuals.

The Plaintiff responds that he is already entitled to proceed on discovery as to a First Amendment retaliation in suspension claim which survived an initial motion to dismiss, and that proceeding with discovery will allow the issue of qualified immunity  to be better framed.

The Second Amended Complaint not only added individual Defendants to the First Amendment retaliation claim based on the Plaintiff's suspension, but also added a retaliation theory based on the Plaintiff's termination. (Doc. 44).   The individual Defendants have invoked qualified immunity as to all claims against them. (Doc. 48).  The Eleventh Circuit has indicated that proceeding with discovery while there is a pending motion to dismiss raising qualified immunity is effectively a denial of qualified immunity. *See Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017)(stating that "requiring the defendants to further defend from liability while the immunity issue remained pending, the district court had effectively denied immunity, which provides an entitlement not to stand trial or face the other burdens of litigation.")(quotation and citation omitted).  Here, even though the case has been proceeding on one of the claims asserted, it has not been proceeding on claims against the individual Defendants, and they are entitled to a ruling on their invocation of the defense of qualified immunity.  The Court finds, therefore, that those Defendants ought not be required to engage in discovery while their motion to dismiss is pending.   And, this Court is persuaded that a stay of discovery as to all Defendants is preferred to piecemeal discovery. *See McBride v. City of Dothan*, 2013 WL 674671, at *2-3 (M.D. Ala. 2013)(Thompson, J.)(stating "if discovery is stayed against one defendant but not related co-defendants, the stay is, practically speaking, likely to be illusory for the intended beneficiary.").

The Court, however, does not agree that the Uniform Scheduling Order must be vacated at this point in the proceedings.  A briefing schedule has been entered on the motion

2

to dismiss, (doc. 50), and no deadlines in the Uniform Scheduling Order are set to expire in the near future. (Doc. 39).

Accordingly, it is hereby

ORDERED that the motion to vacate the Uniform Scheduling Order and to stay discovery (doc. 52) is GRANTED only to the extent that discovery in this is STAYED until resolution of the pending motion to dismiss and is DENIED as to the request to vacate the Uniform Scheduling Order.

If a party contends that adjustments to the Uniform Scheduling Order are required after the Court's ruling on the motion to dismiss, those can be raised by later motion.

DONE this 5th day of August, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE